# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS FELDI,<br><br>          Plaintiff,<br><br>vs.<br><br>LITHICORE TECH, LLC, JUICY PUFF VAPOR SHOP, LG ELECTRONICS USA, INC., LG CHEM AMERICA, INC., JOHN DOES 1-10 (fictitious defendants), ABC PARTNERSHIPS 1-10, ABC LLCs 1-10, and ABC CORP. 1-10 (fictitious corporate defendants),<br><br>          Defendants. | Case No: _____<br><br>Removed from the Superior Court of New Jersey, Camden County, Law Division<br>Docket No. CAM-L-001921-21<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant LG Chem America, Inc. hereby removes this action from the Superior Court of New Jersey, Camden County, Law Division, to the United States District Court for the District of New Jersey. This action is within the original jurisdiction of the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1332(a) because, excluding a fraudulently-joined defendant, the Plaintiff and defendants are citizens of different states, and the total amount in controversy exceeds $75,000, exclusive of interest and costs. In further support of this Notice, Defendant LG Chem America, Inc. states as follows:

## PROCEDURAL BACKGROUND AND RELEVANT FACTS

1. On June 23, 2021, Plaintiff Nicholas Feldi ("Plaintiff") commenced a civil action in the Superior Court of New Jersey, Gloucester County, Law Division by the filing of a complaint, captioned *Nicholas Feldi v. Lithicore Tech, LLC, Juicy Puff Vapor Shop, John Does 1-10 (fictitious defendants), ABC Partnerships 1-10, ABC LLCs 1-10, and ABC Corp. 1-10 (fictitious corporate defendants*, No. GLO-L-000722-21. On June 28, 2021, the court transferred the matter to Camden County, Law Division because the matter was improperly electronically filed in Gloucester County. On October 22, 2021, Plaintiff filed his First Amended Complaint in the Superior Court of New Jersey, Camden County, Law Division, captioned *Nicholas Feldi v. Lithicore Tech, LLC, Juicy Puff Vapor Shop, LG Electronics USA, Inc., LG Chem America, Inc., John Does 1-10 (fictitious defendants), ABC Partnerships 1-10, ABC LLCs 1-10, and ABC Corp. 1-10 (fictitious corporate defendants*, No. CAM-L001921-21 (the "State Court Action").

2. Plaintiff's First Amended Complaint sets forth a cause of action for strict products liability against Lithicore Tech, LLC ("Lithicore"), Juicy Puff Vapor Shop ("Juicy Puff Vapor"), LG Electronics USA, Inc. ("LGEUS"), LG Chem America, Inc. ("LGCAI"), and the fictitious defendants.

3. Plaintiff contends that he was injured when he was using "a vape pen/E-cigarette and/or its peripherals" that are listed on a receipt attached as Exhibit

2

A to his First Amended Complaint. (First Am. Compl. ¶¶ 2, 13.) The list of items on the receipt list includes two "LG 18650 3000mAh batteries," which Plaintiff alleges he purchased from Juicy Puff Vapor. (First Am. Compl. ¶¶ 7, 13 and Exhibit A.)

4. Plaintiff effected service on LGCAI on November 1, 2021.

5. As discussed below, LGEUS is fraudulently joined, as LGEUS did not design, manufacture, market, distribute, sell, or have any involvement whatsoever with the products at issue in Plaintiff's First Amended Complaint.

6. A true and correct copy of all process and pleadings of which LGCAI is aware is attached hereto as **Exhibit A**, which is incorporated herein by reference. Other than the documents attached hereto as **Exhibit A**, no pleadings, process, orders, or other documents in the case have been served or otherwise received by LGCAI or, to LGCAI's knowledge, are presently on file in the state court.

## JURISDICTION

7. This Court has jurisdiction over this removed action under 28 U.S.C. §§ 1332 and 1441 and the fraudulent joinder rule. *See In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006) (explaining the "doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity"). This Court has original jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and the remaining

defendants, excluding LGEUS; and the amount in controversy exceeds $75,000, exclusive of interests and costs. Moreover, the "forum defendant rule" does not bar removal because LGEUS (the forum defendant) is an improper party and must be dismissed.

**A.   Complete Diversity Exists Between Plaintiff and Defendants LGCAI, Juicy Puff Vapor, and Lithicore.**

8. On information and belief, Plaintiff is a resident and citizen of the State of New Jersey. (First Am. Compl. ¶ 1.)

9. When the State Court Action was filed, and at all times since, LGCAI was and is a Delaware corporation with its headquarters and principal place of business in Atlanta, Georgia. Accordingly, LGCAI is a citizen of Delaware and Georgia for purposes of the Court's diversity jurisdiction.

10. When the State Court Action was filed, and at all times since, LGEUS was and is a Delaware company with its principal place of business in Englewood Cliffs, New Jersey. (Compl., ¶ 8; *see also* Declaration of Steven Scalera ¶ 4 (attached hereto as **Exhibit B**).) Accordingly, LGEUS is a citizen of New Jersey for purposes of the Court's diversity jurisdiction. Yet, as explained below, LGEUS is fraudulently joined and cannot defeat removal.

11. When the State Court Action was filed, and at all times since, Lithicore was and is a Texas corporation with its principal place of business in Texas. (First

Am. Compl. ¶ 6.) Accordingly, Lithicore is a citizen of Texas for purposes of the Court's diversity jurisdiction.

12. When the State Court Action was filed, and at all times since, Juicy Puff Vapor was and is a New Jersey limited liability company whose sole member is a Delaware corporation with its principal place of business in Dover, Delaware. (*See* **Exhibit C**.) Accordingly, Juicy Puff Vapor is a citizen of Delaware for purposes of the Court's diversity jurisdiction. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419-20 (3d Cir. 2010) (holding that the "key inquiry in establishing diversity is thus the 'citizenship' of each party to the action," and that "the citizenship of an LLC is determined by the citizenship of its members" for diversity jurisdiction purposes).

13. Because Plaintiff is a New Jersey citizen, LGEUS's citizenship should be disregarded under the fraudulent joinder doctrine, and the remaining defendants are citizens of states other than New Jersey, complete diversity of citizenship exists between the parties in this action. Plaintiff is not a citizen of a state where a non-fraudulently joined defendant is also a citizen, and this action is therefore between "citizens of different States." 28 U.S.C. § 1332(a)(1).

**B.  LGEUS Was Fraudulently Joined and Does Not Defeat Removal.**

14. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re*

*Briscoe*, 448 F.3d at 215–16. "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. If the district court determines that the joinder was fraudulent, "the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* (citation and internal quotation marks omitted).

15. The Third Circuit Court of Appeals has held that joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations and internal quotation marks omitted).

16. The burden is on the removing party to establish fraudulent joinder. *Boyer*, 913 F.2d at 111. A district court assessing an allegation of fraudulent joinder "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.* However, a district court is "not required blindly to accept whatever plaintiffs may say no matter how incredible or how contrary to the overwhelming weight of the evidence." *Reeser v. NGK Metals Corp.*, 247 F. Supp.

2d 626, 629 (E.D. Pa. 2003). Thus, a district court "can look to more than just the pleading allegations to identify indicia of fraudulent joinder" and may engage in "a limited consideration of reliable evidence that the defendant may proffer to support the removal." *In re Briscoe*, 448 F.3d at 220 (internal quotations and citations omitted); *see also Curtiss-Wright Corp. v. CNA Fin. Corp.*, No. CIV.A. 11-4416 SDW, 2012 WL 1044493, at *4 (D.N.J. Jan. 26, 2012), *report and recommendation adopted*, No. CIV.A. 11-04416 SDW, 2012 WL 1046536 (D.N.J. Mar. 28, 2012).

17. Here, LGEUS is fraudulently joined because "there is no reasonable basis in fact or colorable ground supporting the claim against" LGEUS, and there is no "possibility that a state court would entertain" Plaintiff's claims against LGEUS. *Boyer*, 913 F.2d at 111; *In re Briscoe*, 448 F.3d at 219. LGEUS did not design, manufacture, market, distribute, sell, or have any involvement whatsoever with the products at issue in Plaintiff's First Amended Complaint. (*See* Scalera Decl. ¶¶ 7-8 (attached hereto as **Exhibit B**).) To the contrary, LGEUS's business is limited to import, distribution, and manufacture of consumer electronic products, air solutions, vehicle components, and home appliances. (Scalera Decl. ¶ 6.) The majority of LGEUS's business involves sales of televisions, computers and tablets, mobile phones, refrigerators, washing machines and dryers, residential air conditioners, commercial air conditioning units, solar panels and projectors. (*Id.*) More recently, LGEUS became involved in manufacturing certain home appliance products. (*Id.*)

LGEUS never had any role or involvement in the design, manufacture, marketing, distribution, or sale of any e-cigarette devices or equipment, such as vape pens or vaping equipment, to anyone. (*Id.* ¶ 7.) LGEUS also never had any role or involvement in the design, manufacture, marketing, distribution, or sale of any model of LG 18650 lithium-ion cells to anyone at any time. (*Id.* ¶ 8.) Therefore, LGEUS cannot be liable to Plaintiff under New Jersey law. *See Aly v. Fed. Exp., Inc.*, No. 04-3886SRC, 2008 WL 4378233, at *3 (D.N.J. Sept. 23, 2008) ("Under New Jersey law, the New Jersey Products Liability Act . . . provides the sole legal basis for recovery for harm caused by a defective product . . . . Liability under the statute is limited to manufacturers and sellers of a product. Fed Ex cannot be liable under the Products Liability Act as a matter of law because it is simply not a manufacturer or a seller of the Adjustoveyor." (citing N.J. Stat. Ann. § 2A:58C-2)).

18. Removal of this products liability case is proper because LGEUS's uncontested sworn testimony reveals that Plaintiff fraudulently joined a defendant with no connection to the product at issue. *See In re Briscoe*, 448 F.3d at 220 (explaining that a district court "can look to more than just the pleading allegations to identify indicia of fraudulent joinder" and may engage in "a limited consideration of reliable evidence that the defendant may proffer to support the removal."); *Curtiss-Wright Corp.*, 2012 WL 1044493, at *4.

**C.     The Amount in Controversy Exceeds $75,000.**

8

19. 28 U.S.C. § 1332(a) requires that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs to establish diversity jurisdiction.

20. Plaintiff does not seek a specific dollar amount of damages in his complaint. (First Am. Compl. "Wherefore" paragraph on p. 4 (demanding "judgment against defendants and fictitious defendants jointly and severally, with interest, attorneys fees and costs of suit as provided by law")). Rather, Plaintiff's First Amended Complaint seeks unspecified recovery for the following injuries: "severe pain, discomfort, restrictions, and/or embarrassment in her [sic] day-to-day life" (First Am. Compl. ¶ 4); "severe pain, discomfort, restrictions, and/or embarrassment and . . . medical treatment well into the future" (First Am. Compl. ¶ 5); "serious and permanent injury and/or disfigurement" (First Am. Compl. ¶ 15.)

21. Plaintiff has not limited the quantum of his claims to below the jurisdictional threshold. Because Plaintiff's First Amended Complaint does not specifically allege that the amount in controversy is less than the jurisdictional amount, removal is proper unless there is "a legal certainty[ ] that the amount in controversy could not exceed the statutory threshold." *Frederico v. Home Depot*, 507 F.3d 188, 195 (3d Cir. 2007) (emphasis removed).

22. Determining the amount in controversy requires a "reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, , 146 (3d Cir. 1993).

9

Moreover, allegations of severe personal injuries along with pain and suffering will establish the requisite amount in controversy. *See Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521-22 (D.N.J. 1998); *see also Yucis v. Sears Outlet Stores, LLC*, 813 F. App'x 780, 782 n.2 (3d Cir. 2020) (finding it "plausible" that damages resulting from "pain, suffering, embarrassment, and humiliation" in addition to attorney's fees would exceed $75,000).

23. A fair and reasonable reading of Plaintiff's First Amended Complaint reveals that the amount in controversy exceeds $75,000. Plaintiff alleges that he is entitled to recover damages for "serious and permanent injury and/or disfigurement" allegedly resulting from a "device explod[ing] or ignit[ing]." (First Am. Compl. ¶ 15.) Plaintiff further seeks recovery for "severe pain, discomfort, restrictions, and/or embarrassment" in his "day-to-day life," as well as for "severe pain, discomfort, restrictions, and/or embarrassment and . . . medical treatment" that Plaintiff claims "will continue . . . well into the future." (First Am. Compl. ¶¶ 4, 5.).

24. In sum, without conceding any liability or the availability of a particular remedy, based upon Plaintiff's description and nature of his injuries and the wide array of damages sought, a fair and reasonable reading of the allegations of Plaintiff's First Amended Complaint, including Plaintiff's description and nature of his alleged injury and the wide array of damages sought, demonstrate that the amount in controversy exceeds the jurisdictional minimum amount of $75,000.

25. Based on the foregoing, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is (a) complete diversity of citizenship, excluding a fraudulently-joined party, and (b) the total amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, removal of this action is appropriate, and this Court should assume jurisdiction over this action under 28 U.S.C. § 1332.

## VENUE

26. Venue is proper in this Court under 28 U.S.C. §§ 110, 1391, 1441(a), and 1446(a) because Camden County, the county where the State Court Action was filed, falls within the United States District Court for the District of New Jersey.

## NOTICE OF REMOVAL IS TIMELY

27. A Notice of Removal may be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

28. LGCAI was served with the summons and amended complaint in this action on November 1, 2021. LGCAI's Notice of Removal is timely because it is filed within 30 days after November 1, 2021, the date LGCAI was served.

## CONSENT

29. 28 U.S.C. § 1446(b)(2)(A) provides that when a removal is based on diversity of citizenship, "all defendants who have been properly joined and served must join in or consent to the removal of the action."

30. Juicy Puff Vapor consents to this removal. (*See* Juicy Puff Vapor's Consent to Removal, attached hereto as **Exhibit D**.)

31. As a fraudulently-joined defendant, LGEUS's consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been *properly* joined and served must join in or consent to the removal of the action.") (emphasis added); *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1009 n.2 (3d Cir. 1987) (noting that "removal without the consent of . . . [defendants] fraudulently joined" was proper). Nevertheless, LGCAI is informed that LGEUS consents to any removal of this action to the United States District Court for the District of New Jersey.

32. Upon information and belief, Lithicore has not been served in this action at the time of the filing of this removal. Attached hereto as **Exhibit E** is a copy of the electronic docket from Camden County that relates to the State Court Action as of December 1, 2021, the date of filing of this Notice of Removal. The docket contains no entries regarding service on Lithicore. Therefore, it is not

necessary for LGCAI to obtain the consent of Lithicore at this time. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action.") (emphasis added); *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."); *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) (citing 28 U.S.C. § 1446(b)(2)(A) for the proposition that defendants who have not been properly served need not consent to removal).

### NOTICE TO ADVERSE PARTY AND STATE COURT

33. LGCAI is serving written notification of this Removal on Plaintiff's counsel and will promptly file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court of New Jersey, Camden County, Law Division, as required by 28 U.S.C. § 1446(d).

### CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, LGCAI hereby removes this action from the Superior Court of New Jersey, Camden County, Law Division to the United States District Court for the District of New Jersey. To

the extent that Plaintiff challenges this Removal, LGCAI requests the opportunity to brief and argue any issues or questions regarding this Court's jurisdiction.

Dated this 1st day of December, 2021.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: _____

James S. Rehberger, Esq.
*Attorneys for Defendant LG Chem America, Inc.*
One Riverfront Plaza – Suite 800
Newark, New Jersey 07102
Tel: (973) 577-6260
Fax: (973) 577-6261