# EXHIBIT A

The Wright Law Firm, LLC
928 North Main Street
Manahawkin, NJ 08050
(p) 609.759.2500
(f) 609.479.2777
david@njlegaladvice.com
David T. Wright, Esq., Attorney ID# 900672012
Attorney for Plaintiff

| | | |
|---|---|---|
| *NICHOLAS FELDI,* | : | SUPERIOR COURT OF NEW JERSEY |
| | : | GLOUCESTER COUNTY |
| *Plaintiff,* | : | LAW DIVISION |
| | : | |
| *vs.* | : | |
| | : | DOCKET NO.: GLO-L-_____ |
| *LITHICORE TECH, LLC, JUICY PUFF* | : | |
| *VAPOR SHOP, JOHN DOES 1-10* | : | |
| *(fictitious defendants), ABC* | : | CIVIL ACTION |
| *PARTNERSHIPS 1-10, ABC LLCs 1-10,* | : | |
| *and ABC CORP. 1-10 (fictitious corporate* | : | 𝕮𝖔𝖒𝖕𝖑𝖆𝖎𝖓𝖙 |
| *defendants),* | : | |
| | : | |
| *Defendant.* | : | |

Plaintiff, by way of Complaint against Defendant says:

## PARTIES – PLAINTIFF

1.  Plaintiff, Nicholas Feldi, resides in the city of Pennsauken, County of Camden, State of New Jersey.

2.  Plaintiff was severely and permanently injured on July 1, 2019 when he was using a product manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by Defendant(s).

3.  For the reasons set forth herein, the products used in the procedure were dangerously defective, and as such defects caused Plaintiff's injuries.

4.  Plaintiff has suffered and continues to suffer severe pain, discomfort, restrictions, and/or embarrassment in her day to day life as a result of his injuries.

5.  Plaintiff will continue to suffer this severe pain, discomfort, restrictions, and/or embarrassment and require medical treatment well into the future.

## PARTIES – DEFENDANTS

6.  Defendant Lithicore Tech, LLC is an individual or business entity residing or

doing business at 5151 Richmond Avenue, Ste. 218, Houston, Texas and was engaged in the business of manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing vape pens/E-cigarettes, and/or other peripherals relating to vaping, which caused Plaintiff's injury.

7. Defendant Juicy Puff Vapor Shop is an individual or business entity residing or doing business at 2001 College Drive, Ste. 8A, Clementon, New Jersey and was engaged in the business of manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing/selling vape pens/E-cigarettes, and/or other peripherals relating to vaping such as batteries, which caused Plaintiff's injury (the device/equipment purchased by Plaintiff are listed on the receipt attached as Exhibit A to this Complaint).

8. At all times material hereto, defendants John and Jane Does 1-10, ABC Partnerships 1-10, ABC LLCs 1-10, ABC Corporations 1-10 (fictitious-name designations of one or more individuals, partnerships, corporations, and/or other entities whose actual identities have yet to be determined) were employees or agents of defendants or other individuals whose scope of employment or contractual responsibilities included manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing the vape pens/E-cigarettes, and/or other peripherals relating to vaping such as batteries, which caused Plaintiff's injury.

## COUNT ONE – STRICT PRODUCTS LIABILITY

9. Plaintiffs repeat and reallege each and every averment and allegation set forth in the foregoing sections of this Complaint as though set forth at length herein.

10. Defendants, at all times relevant hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of defendants.

11. On July 1, 2019, plaintiff was injured by a vape pen/E-Cigarette and/or its peripherals manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced, directly or

indirectly, by Defendants (the device/equipment purchased by Plaintiff are listed on the receipt attached as <u>Exhibit A</u> to this Complaint).

12. The products m manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants were defective in their inadequate warnings causing the products to be dangerous and defective thereby making them unsafe for their intended use.

13. The products were defective because they were not reasonably suitable for their intended purpose and were unreasonably dangerous because the **vape pen/E-Cigarette and/or its peripherals** and the device exploded or ignited, causing serious and permanent injury and/or disfigurement.

14. Defendants foresaw, or should have foreseen, that their products would reach users of their products in the same condition in which they were placed into the stream of commerce.

15. **Plaintiff was unaware of the dangerous and defective nature of the products** manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced **by defendants.**

16. The utility of the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants was outweighed by the risks associated with the products.

17. During all relevant time periods, Plaintiff used the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants in their intended manner.

18. During all relevant time periods, Plaintiff was a foreseeable and intended user of the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants.

19. The failure of defendants to properly manufacture, sell, design, merchandise, advertise, installed, constructed, lease, supply, distribute, or otherwise produce their products and provide adequate warnings proximately caused the injuries and damages sustained by Plaintiff.

20. As a direct and proximate result of Plaintiff's exposure to the product manufactured, sold, designed, merchandised, advertised, installed, constructed,

leased, supplied, distributed, or otherwise produced by defendants, Plaintiff has been injured and continues to suffer from her injuries.

21. Defendants and fictitious defendants 1-10, as the manufacturers, sellers, designers, merchandisers, advertisers, installers, constructors, lessors, suppliers, distributors, or otherwise producers of the products to which plaintiff was exposed are therefore strictly liable in tort to plaintiff.

**WHEREFORE**, Plaintiff demands judgment against defendants and fictitious defendants jointly and severally, with interest, attorneys fees and costs of suit as provided by law.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the court is advised that DAVID T. WRIGHT, ESQ. is hereby designated as trial counsel.

## JURY DEMAND

Take notice that Plaintiffs demand a trial by jury on all issues in the within civil action.

## CERTIFICATION

I CERTIFY that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action. R. 4:5-1.

*/s/David T. Wright, Esq.*

David T. Wright, Esq.
Attorney for Plaintiff
Dated: June 23, 2021

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to R.4:18-1, Plaintiff demands the production for purposes of inspection and copying at the offices of The Wright Law Firm, LLC, 928 North Main Street, Manahawkin, New Jersey, 08050, within 45 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint.

1. A copy of any accident report, incident report or other documentation prepared by any agents, servants or employees of the defendants contemporaneously with the accident which is the subject matter of this complaint or any prior or subsequent accidents that occurred on the premises that is the subject of this suit.

2. Copies of any safety recalls relating to the devices/equipment purchased by Plaintiff (as seen on the receipt attached as Exhibit A to this Complaint.

3. All insurance agreements and policies maintained by defendants effective on the date of the plaintiff's injury as alleged in the complaint in accordance with Rule 4:10-2(b).

4. Copies of any and all photographs, surveys, sketches, diagrams, blueprints or any other documentary evidence concerning device/equipment at issue in this case as it appeared on the date of plaintiff's injury as alleged in the complaint. *See* Exhibit A attached to this Complaint.

5. Copies of any and all statements of any party to this lawsuit, or their agents, servants and employees.

6. Copies of any and all labels for products purchased by Plaintiff as seen on the receipt attached as Exhibit A to this Complaint.

7. Copies of any statements by eyewitnesses to the accident.

8. Copies of any and all expert reports on the issue of liability or damages.

9. The names, addresses and current telephone numbers of all guests, agents, servants and employee of the defendants who were present at or near the premises at the time of the accident.

10. Any and all documents relating to any inspection, safety reports, or investigation performed of the device/equipment purchased by Plaintiff (as seen on the receipt attached as Exhibit A to this Complaint.

11. Any and all safety manuals, posters, educational material (including videos and outlines) relating to the devices/equipment purchased by Plaintiff (as seen on the receipt attached as Exhibit A to this Complaint.

## DEMAND FOR ENTRY UPON PREMISES FOR INSPECTION

**PLEASE TAKE NOTICE** that Plaintiff demands an opportunity to enter upon the premises of the defendants as set forth in the complaint to inspect, photograph, and otherwise examine the premises, and other things relevant to this litigation, in accordance with R.4:18-1.

## DEMAND FOR ANSWERS TO FORM C AND C2 UNIFORM INTERROGATIES AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to R:4:17-1(b)(ii) Plaintiff(s) demands certified answers to Form C, C(2), and C(4) (as applicable) of the Uniform Interrogatories set forth in Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1. Identify any safety resting performed regarding the safety and use of the products purchased and used by Plaintiff (the device/equipment purchased by Plaintiff are listed on the receipt attached as Exhibit A to this Complaint).

2. Enumerate specifically all of the things you contend the party serving these interrogatories did that not should not have been done.

3. Enumerate specifically all of the things you contend the party serving theses interrogatories did not do which should have been done.

4. If this defendant contends in any way that the injuries claimed by Plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendant will rely in support of said contention.  Annex hereto copies of any and all medical records or other documents which defendant will rely in support of said contention.

5. If defendant contends that Plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state the date and nature of said injuries.

6. State whether there have been any other complaints about the products used by Plaintiff with regard to exploding vaping devices or peripheral equipment (the

device/equipment purchased by Plaintiff are listed on the receipt attached as <u>Exhibit A</u> to this Complaint).

7. Provide the name and address of any person who claims to have been injured by products used by Plaintiff (the device/equipment purchased by Plaintiff are listed on the receipt attached as <u>Exhibit A</u> to this Complaint).

## **DEMAND FOR INSURANCE INFORMATION**

**PLEASE TAKE NOTICE** that pursuant to R4:10-2(b), Plaintiff hereby demands production of a copy of any and all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnity or reimburse for payments made to satisfy the judgment.

*/s/David T. Wright, Esq.*

David T. Wright, Esq.
Attorney for Plaintiff
Dated: June 23, 2021

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000722-21

**Case Caption:** FELDI NICHOLAS  VS LITHICORE TECH, LLC

**Case Initiation Date:** 06/23/2021

**Attorney Name:** DAVID THOMAS WRIGHT

**Firm Name:** THE WRIGHT LAW FIRM

**Address:** 928 N MAIN ST

MANAHAWKIN NJ 08050

**Phone:** 6097592500

**Name of Party:** PLAINTIFF : Feldi, Nicholas

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Nicholas Feldi?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/23/2021
Dated

/s/ DAVID THOMAS WRIGHT
Signed

**PREPARED BY THE COURT**

| | |
|---|---|
| Nicholas Feldi<br><br>           Plaintiff(s),<br>VS.<br><br>Lithicore Tech, LLC<br><br>           Defendant(s) | **SUPERIOR COURT OF NEW JERSEY**<br>**GLOUCESTER COUNTY**<br>**LAW DIVISION, CIVIL PART**<br><br><br>**DOCKET NO. : GLO-L-722-21**<br><br><br>      **ORDER TO TRANSFER** |

It is on this 28th  day of  June, 2021 that this matter is transferred to **CAMDEN COUNTY**, Law Division as the matter was improperly electronically filed in Gloucester County.

/s/ Timothy W. Chell, P.J.Cv.

**Timothy W. Chell, J.S.C.**

NICHOLAS FELDI

Received

OCT - 7 2021

The Wright Law Firm

Plaintiff

VS

LITHICORE TECH, LLC, ET AL

Defendant

20210930184305

Superior Court Of New Jersey

GLOUCESTER Venue

Docket Number: GLO L 722 21

**Person to be served** (Name and Address):
JUICY PUFF VAPOR SHOP
2001 COLLEGE DRIVE, SHOP 8A LAUREL HILL PLAZA
CLEMENTON NJ 08021
**By serving:** CHIRAG SHAH

**Attorney:** DAVID T. WRIGHT, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, DEMANDS, CERTIFICATION, ORDER TO TRANSFER, TRACK ASSIGNMENT NOTICE

**Service Data:**    [X] Served Successfully        [ ] Not Served

Date/Time:    10/1/2021 1:23 PM        _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

PATRICK HESTER

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX:M___ AGE:21-35_ HEIGHT: 5'9"-6'0"___ WEIGHT: 161-200 LBS.___ SKIN:BLACK____ HAIR:BLACK_____ OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:        Date/Time: _____
                          Date/Time: _____
                          Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____    _____
Name of Notary            Commission Expiration

**Docusign Court Approved E-Signature**

I, JOHN ADAMS,
was at the time of service a competent adult, over the age of 18 and not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*JOHN ADAMS*
DA51FB43A3EF42C...
Signature of Process Server

_____10/01/2021
Date

Name of Private Server: JOHN ADAMS  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

David T. Wright, Esq.
The Wright Law Firm, LLC
928 N. Main Street
Manahawkin, New Jersey 08050
(609) 759-2500
Attorney ID: 013642008
Attorney For: Plaintiff

| | |
|---|---|
| NICHOLAS FELDI<br><br>Plaintiff,<br><br>vs.<br><br>LITHICORE TECH, LLC, JUICY PUFF VAPOR SHOP, JOHN DOE 1-5 (fictitious defendants), XYZ PARTNERSHIPS 1-5, XYZ LLCs 1-5, and XYZ CORPORATIONS 1-5 (fictitious corporate defendants),<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: CAM-L-1921-21<br><br>CIVIL ACTION<br><br>**SUMMONS** |

The State of New Jersey, to the Above-Named Defendant:

**Juicy Puff Vapor Shop**
C/O Chirag Shah
2001 College Dr., Shop 8A
Laurel Hill Plaza
Clementon, NJ 08021

**YOU ARE HEREBY SUMMONED** in a Civil Action in the Superior Court of New Jersey, instituted by the above-named plaintiff(s), and required to serve upon the attorney(s) for the plaintiff(s), whose name and office address appears above, an answer to the annexed complaint within **35** days after the service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof with the Clerk of the Superior Court, Camden County, at Court House, 101 S 5th Street, Camden, New Jersey 08103, in accordance with the rules of civil practice and procedure.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book. The phone numbers for the county in which this action is pending are: Lawyer Referral Service, 856-482-0620; Legal Services Office, 856-964-2010.

*Michelle M. Smith*
Clerk of Superior Court

Dated: September 30, 2021

Name of Defendant to be Served:

**Juicy Puff Vapor Shop**
C/O Chirag Shah
2001 College Dr., Shop 8A
Laurel Hill Plaza
Clementon, NJ 08021

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN        NJ 08103

                                   TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM

                             DATE:  JUNE 28, 2021
                             RE:    FELDI NICHOLAS  VS LITHICORE TECH, LLC
                             DOCKET: CAM L -001921 21

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON STEVEN J. POLANSKY

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     101
AT:  (856) 650-9100 EXT 43126.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                             ATT: DAVID T. WRIGHT
                             THE WRIGHT LAW FIRM
                             928 N MAIN ST
                             MANAHAWKIN       NJ 08050

JULAB8

The Wright Law Firm, LLC
928 North Main Street
Manahawkin, NJ 08050
(p) 609.759.2500
(f) 609.479.2777
david@njlegaladvice.com
David T. Wright, Esq., Attorney ID# 900672012
Attorney for Plaintiff

| | | |
|---|---|---|
| *NICHOLAS FELDI,* | : | SUPERIOR COURT OF NEW JERSEY |
| | : | GLOUCESTER COUNTY |
| *Plaintiff,* | : | LAW DIVISION |
| | : | |
| *vs.* | : | |
| | : | DOCKET NO.: GLO-L-_____ |
| *LITHICORE TECH, LLC, JUICY PUFF* | : | |
| *VAPOR SHOP, JOHN DOES 1-10* | : | |
| *(fictitious defendants), ABC* | : | CIVIL ACTION |
| *PARTNERSHIPS 1-10, ABC LLCs 1-10,* | : | |
| *and ABC CORP. 1-10 (fictitious corporate* | : | 𝕮𝖔𝖒𝖕𝖑𝖆𝖎𝖓𝖙 |
| *defendants),* | : | |
| | : | |
| *Defendant.* | : | |

Plaintiff, by way of Complaint against Defendant says:

## PARTIES – PLAINTIFF

1. Plaintiff, Nicholas Feldi, resides in the city of Pennsauken, County of Camden, State of New Jersey.

2. Plaintiff was severely and permanently injured on July 1, 2019 when he was using a product manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by Defendant(s).

3. For the reasons set forth herein, the products used in the procedure were dangerously defective, and as such defects caused Plaintiff's injuries.

4. Plaintiff has suffered and continues to suffer severe pain, discomfort, restrictions, and/or embarrassment in her day to day life as a result of his injuries.

5. Plaintiff will continue to suffer this severe pain, discomfort, restrictions, and/or embarrassment and require medical treatment well into the future.

## PARTIES – DEFENDANTS

6. Defendant Lithicore Tech, LLC is an individual or business entity residing or

doing business at 5151 Richmond Avenue, Ste. 218, Houston, Texas and was engaged in the business of manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing vape pens/E-cigarettes, and/or other peripherals relating to vaping, which caused Plaintiff's injury.

7. Defendant Juicy Puff Vapor Shop is an individual or business entity residing or doing business at 2001 College Drive, Ste. 8A, Clementon, New Jersey and was engaged in the business of manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing/selling vape pens/E-cigarettes, and/or other peripherals relating to vaping such as batteries, which caused Plaintiff's injury (the device/equipment purchased by Plaintiff are listed on the receipt attached as Exhibit A to this Complaint).

8. At all times material hereto, defendants John and Jane Does 1-10, ABC Partnerships 1-10, ABC LLCs 1-10, ABC Corporations 1-10 (fictitious-name designations of one or more individuals, partnerships, corporations, and/or other entities whose actual identities have yet to be determined) were employees or agents of defendants or other individuals whose scope of employment or contractual responsibilities included manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing the vape pens/E-cigarettes, and/or other peripherals relating to vaping such as batteries, which caused Plaintiff's injury.

## COUNT ONE – STRICT PRODUCTS LIABILITY

9. Plaintiffs repeat and reallege each and every averment and allegation set forth in the foregoing sections of this Complaint as though set forth at length herein.

10. Defendants, at all times relevant hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of defendants.

11. On July 1, 2019, plaintiff was injured by a vape pen/E-Cigarette and/or its peripherals manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced, directly or

indirectly, by Defendants (the device/equipment purchased by Plaintiff are listed on the receipt attached as <u>Exhibit A</u> to this Complaint).

12. The products m manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants were defective in their inadequate warnings causing the products to be dangerous and defective thereby making them unsafe for their intended use.

13. The products were defective because they were not reasonably suitable for their intended purpose and were unreasonably dangerous because the **vape pen/E-Cigarette and/or its peripherals** and the device exploded or ignited, causing serious and permanent injury and/or disfigurement.

14. Defendants foresaw, or should have foreseen, that their products would reach users of their products in the same condition in which they were placed into the stream of commerce.

15. **Plaintiff was unaware of the dangerous and defective nature of the products** manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced **by defendants.**

16. The utility of the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants was outweighed by the risks associated with the products.

17. During all relevant time periods, Plaintiff used the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants in their intended manner.

18. During all relevant time periods, Plaintiff was a foreseeable and intended user of the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants.

19. The failure of defendants to properly manufacture, sell, design, merchandise, advertise, installed, constructed, lease, supply, distribute, or otherwise produce their products and provide adequate warnings proximately caused the injuries and damages sustained by Plaintiff.

20. As a direct and proximate result of Plaintiff's exposure to the product manufactured, sold, designed, merchandised, advertised, installed, constructed,

leased, supplied, distributed, or otherwise produced by defendants, Plaintiff has been injured and continues to suffer from her injuries.

21. Defendants and fictitious defendants 1-10, as the manufacturers, sellers, designers, merchandisers, advertisers, installers, constructors, lessors, suppliers, distributors, or otherwise producers of the products to which plaintiff was exposed are therefore strictly liable in tort to plaintiff.

**WHEREFORE**, Plaintiff demands judgment against defendants and fictitious defendants jointly and severally, with interest, attorneys fees and costs of suit as provided by law.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the court is advised that DAVID T. WRIGHT, ESQ. is hereby designated as trial counsel.

## JURY DEMAND

Take notice that Plaintiffs demand a trial by jury on all issues in the within civil action.

## CERTIFICATION

I CERTIFY that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action. R. 4:5-1.

*/s/David T. Wright, Esq.*

David T. Wright, Esq.
Attorney for Plaintiff
Dated: June 23, 2021

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to R.4:18-1, Plaintiff demands the production for purposes of inspection and copying at the offices of The Wright Law Firm, LLC, 928 North Main Street, Manahawkin, New Jersey, 08050, within 45 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint.

1. A copy of any accident report, incident report or other documentation prepared by any agents, servants or employees of the defendants contemporaneously with the accident which is the subject matter of this complaint or any prior or subsequent accidents that occurred on the premises that is the subject of this suit.

2. Copies of any safety recalls relating to the devices/equipment purchased by Plaintiff (as seen on the receipt attached as Exhibit A to this Complaint.

3. All insurance agreements and policies maintained by defendants effective on the date of the plaintiff's injury as alleged in the complaint in accordance with Rule 4:10-2(b).

4. Copies of any and all photographs, surveys, sketches, diagrams, blueprints or any other documentary evidence concerning device/equipment at issue in this case as it appeared on the date of plaintiff's injury as alleged in the complaint. *See* Exhibit A attached to this Complaint.

5. Copies of any and all statements of any party to this lawsuit, or their agents, servants and employees.

6. Copies of any and all labels for products purchased by Plaintiff as seen on the receipt attached as Exhibit A to this Complaint.

7. Copies of any statements by eyewitnesses to the accident.

8. Copies of any and all expert reports on the issue of liability or damages.

9. The names, addresses and current telephone numbers of all guests, agents, servants and employee of the defendants who were present at or near the premises at the time of the accident.

10. Any and all documents relating to any inspection, safety reports, or investigation performed of the device/equipment purchased by Plaintiff (as seen on the receipt attached as Exhibit A to this Complaint.

11. Any and all safety manuals, posters, educational material (including videos and outlines) relating to the devices/equipment purchased by Plaintiff (as seen on the receipt attached as <u>Exhibit A</u> to this Complaint.

## **DEMAND FOR ENTRY UPON PREMISES FOR INSPECTION**

**PLEASE TAKE NOTICE** that Plaintiff demands an opportunity to enter upon the premises of the defendants as set forth in the complaint to inspect, photograph, and otherwise examine the premises, and other things relevant to this litigation, in accordance with <u>R</u>.4:18-1.

## **DEMAND FOR ANSWERS TO FORM C AND C2 UNIFORM INTERROGATIES AND SUPPLEMENTAL INTERROGATORIES**

**PLEASE TAKE NOTICE** that pursuant to <u>R</u>:4:17-1(b)(ii) Plaintiff(s) demands certified answers to Form C, C(2), and C(4) (as applicable) of the Uniform Interrogatories set forth in Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1. Identify any safety resting performed regarding the safety and use of the products purchased and used by Plaintiff (the device/equipment purchased by Plaintiff are listed on the receipt attached as <u>Exhibit A</u> to this Complaint).

2. Enumerate specifically all of the things you contend the party serving these interrogatories did that not should not have been done.

3. Enumerate specifically all of the things you contend the party serving theses interrogatories did not do which should have been done.

4. If this defendant contends in any way that the injuries claimed by Plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendant will rely in support of said contention.  Annex hereto copies of any and all medical records or other documents which defendant will rely in support of said contention.

5. If defendant contends that Plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state the date and nature of said injuries.

6. State whether there have been any other complaints about the products used by Plaintiff with regard to exploding vaping devices or peripheral equipment (the

device/equipment purchased by Plaintiff are listed on the receipt attached as <u>Exhibit A</u> to this Complaint).

7.  Provide the name and address of any person who claims to have been injured by products used by Plaintiff (the device/equipment purchased by Plaintiff are listed on the receipt attached as <u>Exhibit A</u> to this Complaint).

## **DEMAND FOR INSURANCE INFORMATION**

**PLEASE TAKE NOTICE** that pursuant to R4:10-2(b), Plaintiff hereby demands production of a copy of any and all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnity or reimburse for payments made to satisfy the judgment.

*/s/David T. Wright, Esq.*

David T. Wright, Esq.
Attorney for Plaintiff
Dated: June 23, 2021

**PREPARED BY THE COURT**

| | |
|---|---|
| Nicholas Feldi<br><br>              Plaintiff(s),<br>VS.<br><br>Lithicore Tech, LLC<br><br>            Defendant(s) | **SUPERIOR COURT OF NEW JERSEY**<br>**GLOUCESTER COUNTY**<br>**LAW DIVISION, CIVIL PART**<br><br><br>**DOCKET NO. : GLO-L-722-21**<br><br><br>       **ORDER TO TRANSFER** |

It is on this 28th day of June, 2021 that this matter is transferred to **CAMDEN COUNTY**, Law Division as the matter was improperly electronically filed in Gloucester County.

*/s/ Timothy W. Chell, P.J.Cv.*

**Timothy W. Chell, J.S.C.**

The Wright Law Firm, LLC
928 North Main Street
Manahawkin, NJ 08050
(p) 609.759.2500
(f) 609.479.2777
david@njlegaladvice.com
David T. Wright, Esq., Attorney ID# 900672012
Attorney for Plaintiff

| | | |
|---|---|---|
| *NICHOLAS FELDI,* | : | SUPERIOR COURT OF NEW JERSEY |
| | : | GLOUCESTER COUNTY |
| *Plaintiff,* | : | LAW DIVISION |
| | : | |
| *vs.* | : | |
| | : | DOCKET NO.: CAM-L-1921-21 |
| *LITHICORE TECH, LLC, JUICY PUFF* | : | |
| *VAPOR SHOP, LG ELECTRONICS USA,* | : | |
| *INC., LG CHEM AMERICA, INC., JOHN* | : | CIVIL ACTION |
| *DOES 1-10 (fictitious defendants), ABC* | : | |
| *PARTNERSHIPS 1-10, ABC LLCs 1-10,* | : | First Amended Complaint |
| *and ABC CORP. 1-10 (fictitious corporate* | : | |
| *defendants),* | : | |
| | : | |
| *Defendant.* | : | |

Plaintiff, by way of Complaint against Defendant says:

## **PARTIES – PLAINTIFF**

1. Plaintiff, Nicholas Feldi, resides in the city of Pennsauken, County of Camden, State of New Jersey.

2. Plaintiff was severely and permanently injured on July 1, 2019 when he was using a product manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by Defendant(s).

3. For the reasons set forth herein, the products used in the procedure were dangerously defective, and as such defects caused Plaintiff's injuries.

4. Plaintiff has suffered and continues to suffer severe pain, discomfort, restrictions, and/or embarrassment in her day-to-day life as a result of his injuries.

5. Plaintiff will continue to suffer this severe pain, discomfort, restrictions, and/or embarrassment and require medical treatment well into the future.

## **PARTIES – DEFENDANTS**

6.  Defendant Lithicore Tech, LLC is an individual or business entity residing or doing business at 5151 Richmond Avenue, Ste. 218, Houston, Texas and was engaged in the business of manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing vape pens/E-cigarettes, and/or other peripherals relating to vaping, which caused Plaintiff's injury.

7.  Defendant Juicy Puff Vapor Shop is an individual or business entity residing or doing business at 2001 College Drive, Ste. 8A, Clementon, New Jersey and was engaged in the business of manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing/selling vape pens/E-cigarettes, and/or other peripherals relating to vaping such as batteries, which caused Plaintiff's injury.

8.  Defendants LG Electronics USA, Inc. is a business entity doing business at 111 Sylvan Avenue, Englewood Cliffs New Jersey and was engaged in the business of manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing/selling vape pens/E-cigarettes, and/or other peripherals relating to vaping such as batteries, which caused Plaintiff's injury.

9.  Defendants LG Chem America, Inc. is a business entity doing business at 3475 Piedmont Road NE, Suite 1200, Atlanta, Georgia and was engaged in the business of manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing/selling vape pens/E-cigarettes, and/or other peripherals relating to vaping such as batteries, which caused Plaintiff's injury.

10. At all times material hereto, defendants John and Jane Does 1-10, ABC Partnerships 1-10, ABC LLCs 1-10, ABC Corporations 1-10 (fictitious-name designations of one or more individuals, partnerships, corporations, and/or other entities whose actual identities have yet to be determined) were employees or agents of defendants or other individuals whose scope of employment or contractual responsibilities included manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying,

distributing, or otherwise producing the vape pens/E-cigarettes, and/or other peripherals relating to vaping such as batteries, which caused Plaintiff's injury.

## COUNT ONE – STRICT PRODUCTS LIABILITY

11. Plaintiffs repeat and reallege each and every averment and allegation set forth in the foregoing sections of this Complaint as though set forth at length herein.

12. Defendants, at all times relevant hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of defendants.

13. On July 1, 2019, plaintiff was injured by a vape pen/E-Cigarette and/or its peripherals manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced, directly or indirectly, by Defendants (the device/equipment purchased by Plaintiff are listed on the receipt attached as Exhibit A to this Complaint).

14. The products m manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants were defective in their inadequate warnings causing the products to be dangerous and defective thereby making them unsafe for their intended use.

15. The products were defective because they were not reasonably suitable for their intended purpose and were unreasonably dangerous because the vape pen/E-Cigarette and/or its peripherals and the device exploded or ignited, causing serious and permanent injury and/or disfigurement.

16. Defendants foresaw, or should have foreseen, that their products would reach users of their products in the same condition in which they were placed into the stream of commerce.

17. Plaintiff was unaware of the dangerous and defective nature of the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants.

18. The utility of the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants was outweighed by the risks associated with the products.

19. During all relevant time periods, Plaintiff used the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants in their intended manner.

20. During all relevant time periods, Plaintiff was a foreseeable and intended user of the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants.

21. The failure of defendants to properly manufacture, sell, design, merchandise, advertise, installed, constructed, lease, supply, distribute, or otherwise produce their products and provide adequate warnings proximately caused the injuries and damages sustained by Plaintiff.

22. As a direct and proximate result of Plaintiff's exposure to the product manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants, Plaintiff has been injured and continues to suffer from her injuries.

23. Defendants and fictitious defendants 1-10, as the manufacturers, sellers, designers, merchandisers, advertisers, installers, constructors, lessors, suppliers, distributors, or otherwise producers of the products to which plaintiff was exposed are therefore strictly liable in tort to plaintiff.

**WHEREFORE**, Plaintiff demands judgment against defendants and fictitious defendants jointly and severally, with interest, attorneys fees and costs of suit as provided by law.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the court is advised that DAVID T. WRIGHT, ESQ. is hereby designated as trial counsel.

## JURY DEMAND

Take notice that Plaintiffs demand a trial by jury on all issues in the within civil action.

## CERTIFICATION

I CERTIFY that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action. R. 4:5-1.

**/s/David T. Wright, Esq.**

David T. Wright, Esq.

Attorney for Plaintiff

Dated: October 22, 2021

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to R.4:18-1, Plaintiff demands the production for purposes of inspection and copying at the offices of The Wright Law Firm, LLC, 928 North Main Street, Manahawkin, New Jersey, 08050, within 45 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint.

1. A copy of any accident report, incident report or other documentation prepared by any agents, servants or employees of the defendants contemporaneously with the accident which is the subject matter of this complaint or any prior or subsequent accidents that occurred on the premises that is the subject of this suit.

2. Copies of any safety recalls relating to the devices/equipment purchased by Plaintiff (as seen on the receipt attached as Exhibit A to this Complaint.

3. All insurance agreements and policies maintained by defendants effective on the date of the plaintiff's injury as alleged in the complaint in accordance with Rule 4:10-2(b).

4. Copies of any and all photographs, surveys, sketches, diagrams, blueprints or any other documentary evidence concerning device/equipment at issue in this case as it appeared on the date of plaintiff's injury as alleged in the complaint. *See* Exhibit A attached to this Complaint.

5. Copies of any and all statements of any party to this lawsuit, or their agents, servants and employees.

6. Copies of any and all labels for products purchased by Plaintiff as seen on the receipt attached as Exhibit A to this Complaint.

7. Copies of any statements by eyewitnesses to the accident.

8. Copies of any and all expert reports on the issue of liability or damages.

9. The names, addresses and current telephone numbers of all guests, agents, servants and employee of the defendants who were present at or near the premises at the time of the accident.

10. Any and all documents relating to any inspection, safety reports, or investigation performed of the device/equipment purchased by Plaintiff (as seen on the receipt attached as Exhibit A to this Complaint.

11. Any and all safety manuals, posters, educational material (including videos and outlines) relating to the devices/equipment purchased by Plaintiff (as seen on the receipt attached as <u>Exhibit A</u> to this Complaint.

## **DEMAND FOR ENTRY UPON PREMISES FOR INSPECTION**

**PLEASE TAKE NOTICE** that Plaintiff demands an opportunity to enter upon the premises of the defendants as set forth in the complaint to inspect, photograph, and otherwise examine the premises, and other things relevant to this litigation, in accordance with <u>R</u>.4:18-1.

## **DEMAND FOR ANSWERS TO FORM C AND C2 UNIFORM INTERROGATIES AND SUPPLEMENTAL INTERROGATORIES**

**PLEASE TAKE NOTICE** that pursuant to <u>R</u>:4:17-1(b)(ii) Plaintiff(s) demands certified answers to Form C, C(2), and C(4) (as applicable) of the Uniform Interrogatories set forth in Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1. Identify any safety resting performed regarding the safety and use of the products purchased and used by Plaintiff (the device/equipment purchased by Plaintiff are listed on the receipt attached as <u>Exhibit A</u> to this Complaint).

2. Enumerate specifically all of the things you contend the party serving these interrogatories did that not should not have been done.

3. Enumerate specifically all of the things you contend the party serving theses interrogatories did not do which should have been done.

4. If this defendant contends in any way that the injuries claimed by Plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendant will rely in support of said contention.  Annex hereto copies of any and all medical records or other documents which defendant will rely in support of said contention.

5. If defendant contends that Plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state the date and nature of said injuries.

6. State whether there have been any other complaints about the products used by Plaintiff with regard to exploding vaping devices or peripheral equipment (the

device/equipment purchased by Plaintiff are listed on the receipt attached as Exhibit A to this Complaint).

7. Provide the name and address of any person who claims to have been injured by products used by Plaintiff (the device/equipment purchased by Plaintiff are listed on the receipt attached as Exhibit A to this Complaint).

## **DEMAND FOR INSURANCE INFORMATION**

**PLEASE TAKE NOTICE** that pursuant to R4:10-2(b), Plaintiff hereby demands production of a copy of any and all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnity or reimburse for payments made to satisfy the judgment.


**/s/David T. Wright, Esq.**
David T. Wright, Esq.
Attorney for Plaintiff
Dated: October 22, 2021

Exhibit A

# JUICY PUFF – CLEMENTON

Order #4-083                              Nov 15, 2017

Sale                                      Served by David

Transaction #1622250411151/10082

| | | |
|---|---|---|
| 1 x Smok G-Priv 2 Touch Screen Kit Silver/Black | 99.99 | T |
| 1 x Candy King Strawberry Watermelon 6mg | 24.99 | T |
| 1 x Naked 100 Lava Flow 60ml 06mg | 22.00 | T |
| 2 x LG 18650 3000mAh Battery (13.99) | 27.98 | T |
| 2 for $20 LG 18650 | -7.98 | |
| 1 x Efest 2 Bay Soda Charger | 19.99 | T |

| | |
|---|---|
| Subtotal | 194.95 |
| Total Discount | -7.98 |
| Tax | 12.85 |
| **Total** | **199.82** |

| | |
|---|---|
| Cash | 200.00 |
| Change | 0.18 |

2001 COLLEGE DR
SUITE #8A
CLEMENTON, NJ 08021
United States
8563733333
myjuicypuff2@gmail.com

www.myjuicypuff.com

18 Yrs or Older Only - USE AT OWN RISK
ECigs may contain a Li-Ion Battery with can explode
or burst into Flames if
used improperly. NEVER leave batteries unattended

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN           NJ 08103

DISMISSAL NOTICE

TELEPHONE - (856) 650-9100 EXT. 43126,LATANYA PELLOT        TEAM 101
COURT HOURS:  8:30 AM - 4:30 PM

                    DATE: NOVEMBER 05, 2021
                      RE: FELDI NICHOLAS  VS LITHICORE TECH, LLC
                  DOCKET: CAM L -001921 21
                  PARTY:   LITHICORE TECH, LLC


        PLEASE TAKE NOTICE THAT ON JANUARY 04, 2022   (60 DAYS FROM DATE OF
THIS NOTICE), THE COURT WILL DISMISS THE ABOVE PARTY OR PARTIES FOR LACK OF
PROSECUTION WITHOUT PREJUDICE, PURSUANT TO RULE 1:13-7 OR RULE 4:43-2 UNLESS ACTION
REQUIRED UNDER THE ABOVE RULES IS TAKEN.


 HON STEVEN J. POLANSKY                              ATT: DAVID T. WRIGHT
_____                     THE WRIGHT LAW FIRM
        JUDGE                                       928 N MAIN ST
                                                    MANAHAWKIN       NJ 08050

20211101122751

NICHOLAS FELDI                                    Plaintiff

Received
NOV 03 2021

VS

LITHICORE TECH, LLC, ET AL                                    Defendant

Superior Court Of New Jersey

CAMDEN Venue

Docket Number: CAM L 1921 21

**Person to be served** (Name and Address):
LG ELECTRONICS USA, INC.
PRINCETON SOUTH CORPORATE CENTER  100 CHARLES EWING BLVD,
SUITE 160
EWING  NJ  08638
**By serving:** CORPORATION SERVICE COMPANY

**Attorney:** DAVID T. WRIGHT, ESQ.

**Papers Served:** SUMMONS AND FIRST AMENDED COMPLAINT, EXHIBIT,
CERTIFICATION, DEMANDS,

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

| | |
|---|---|
| **Service Data:** | [X] Served Successfully        [ ] Not Served |

Date/Time:    11/1/2021 1:26 PM    _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

JOHNNIE MYERS

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX:M    AGE:21-35   HEIGHT: 5'9"-6'0"    WEIGHT: 161-200 LBS.    SKIN:BLACK        HAIR:BALD        OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                              Date/Time: _____
                              Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____   _____
    Name of Notary              Commission Expiration

Docusign Court Approved E-Signature

I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

*JANE NUNN*
41FCF7D1E3EE42A...
Signature of Process Server

11/01/2021
Date

Name of Private Server: JANE NUNN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

NICHOLAS FELDI

Received

NOV 03 2021

**Plaintiff**

vs

LITHICORE TECH, LLC, ET AL

**Defendant**

20211101123008

Superior Court Of New Jersey

CAMDEN Venue

Docket Number: CAM L 1921 21

**Person to be served** (Name and Address):
LG CHEM AMERICA, INC.
PRINCETON SOUTH CORPORATE CENTER 100 CHARLES EWING BLVD,
SUITE 160
EWING NJ 08638
**By serving:** CORPORATION SERVICE COMPANY

**Attorney:** DAVID T. WRIGHT, ESQ.

**Papers Served:** SUMMONS AND FIRST AMENDED COMPLAINT, EXHIBIT,
CERTIFICATION, DEMANDS,

| **Service Data:** | [X] Served Successfully | [ ] Not Served |
|---|---|---|

Date/Time: 11/1/2021 1:27 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

JOHNNIE MYERS

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX:M AGE:21-35 HEIGHT: 5'9"-6'0" WEIGHT: 161-200 LBS. SKIN:BLACK HAIR:BALD OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on: Date/Time:_____
Date/Time:_____
Date/Time:_____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____    _____
Name of Notary          Commission Expiration

**Docusign Court Approved E-Signature**

I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

*JANE NUNN*
D4E04DC5C02D485...
Signature of Process Server

11/01/2021
Date

Name of Private Server: JANE NUNN Address: 2009 Morris Avenue UNION, NJ 07083 Phone: (800) 672-1952